UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| EMMANUEL JEAN-FRANCOIS, ALICIA JOHNSON, and WANDA KING, individually and on behalf of all others similarly situated;<br><br>Plaintiff(s),<br><br>v.<br><br>SMITHFIELD FOODS, INC., SMITHFIELD PACKAGED MEATS, CORP., SMITHFIELD FRESH MEATS CORP., and SMITHFIELD DISTRIBUTION, LLC.<br><br>Defendants. | Civil No. 7:22-cv-00063<br><br><br><br>COLLECTIVE ACTION COMPLAINT |

Plaintiffs, Emmanuel Jean-Francois ("Jean-Francois"), Alicia Johnson ("Johnson"), and Wanda King ("King") (together "Plaintiffs"), by and through counsel, individually and on behalf of all persons similarly situated, file this Collective Action Complaint against Defendants Smithfield Foods, Inc., Smithfield Packaged Meats, Corp., Smithfield Fresh Meats Corp., and Smithfield Distribution, LLC (together "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA").

## NATURE OF ACTION

In response to the COVID-19 pandemic, Defendants paid Plaintiffs and other similarly situated employees a $5 per hour "Responsibility Bonus" for each regular hour worked, up to 40 hours in a workweek. In calculating overtime earned by Plaintiffs and other similarly situated

employees, Defendants failed to include the $5 per hour Responsibility Bonus in each employee's regular rate of pay.  Plaintiffs allege that Defendants violated the FLSA by failing to calculate their correct overtime rates of pay, and therefore failing to pay all overtime compensation due to Plaintiffs and those similarly situated.  Plaintiffs bring their claims for unpaid overtime compensation on behalf of themselves and others similarly situated as an opt-in collective action pursuant to the FLSA.

## **PARTIES**

1. Jean-Francois is an adult individual who is a resident of Goldsboro, North Carolina.  Jean-Francois worked for Defendants during the three-year period preceding the filing of this Complaint.

2. Johnson is an adult individual who is a resident of Lumberton, North Carolina. Johnson worked for Defendants during the three-year period preceding the filing of this Complaint.  Johnson's Consent to Become a Party Plaintiff form is attached hereto as Exhibit 1.

3. King is an adult individual who is a resident of Bladenboro, North Carolina.  King worked for Defendants during the three-year period preceding the filing of this Complaint. King's Consent to Become a Party Plaintiff form is attached hereto as Exhibit 2.

4. Smithfield Foods, Inc. is a corporation organized and existing under the laws of the State of Virginia with its principal office at 200 Commerce Street, Smithfield, Virgina.

5. Smithfield Packaged Meats Corp. is a corporation organized and existing under the laws of the State of Delaware and licensed to conduct business in the State of North Carolina with its principal office at 200 Commerce Street, Smithfield, Virgina.

6. Smithfield Fresh Meats Corp. is a corporation organized and existing under the laws of the State of Delaware and licensed to conduct business in the State of North Carolina with its principal office at 200 Commerce Street, Smithfield, Virgina.

7. Smithfield Distribution, LLC is a limited liability company organized and existing under the laws of the State of Delaware and licensed to conduct business in the State of North Carolina with its principal office at 200 Commerce Street, Smithfield, Virgina.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq*.

9. This Court has personal jurisdiction because Defendants conduct business in Sampson County and Bladen County, which are located within this judicial district.

10. Venue is proper in this judicial district because the unlawful acts alleged herein occurred in Sampson County, North Carolina and Bladen County County, North Carolina.

## COVERAGE ALLEGATIONS

11. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by

any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiffs have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

15. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

16. Upon information and belief, Smithfield Foods, Inc. is the owner and operator of Smithfield Packaged Meats, Corp., Smithfield Fresh Meats Corp., and Smithfield Distribution, LLC.

17. Defendants are a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(e) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, common financial control, and common ownership.

## PLAINTIFFS' FACTUAL ALLEGATIONS

18. Defendants are pork producers and food-processing companies based in Smithfield, Virginia.

19. Defendants operate pork processing, packaging, and distribution plants in various cities in North Carolina.

20. Smithfield Foods, Inc. and Smithfield Fresh Meats Corp. employed Plaintiff Jean-Francois as an hourly employee between November 2013 and October 2021.

4

21. Smithfield Foods, Inc. and Smithfield Packaged Meats Corp., employed Plaintiff Johnson as an hourly employee beginning in March 2017 and she is still currently employed with Smithfield.

22. Smithfield Foods, Inc. and Smithfield Fresh Meats Corp. employed Plaintiff King as an hourly employee beginning in November 2006 and she is still currently employed with Smithfield.

23. Jean-Francois worked at Defendants' facility in Clinton, North Carolina.

24. Johnson worked at Defendants' facility in Wilson, North Carolina.

25. King worked at Defendants' facility in Tar Heel, North Carolina

26. Defendants employed other similarly situated employees at their pork processing, packaging, and distribution plants throughout North Carolina.

27. To incentivize its North Carolina hourly employees to work during the COVID-19 pandemic, Smithfield paid Plaintiffs and other similarly situated employees a bonus of $5 per hour for all regular hours worked up to and including forty in a workweek. Defendants called the $5 per hour payment a "Responsibility Bonus."

28. Defendants paid the Responsibility Bonus to all hourly employees who worked at Defendants' North Carolina pork processing, packaging, and distribution plants during the period April 1, 2020 to October 31, 2020.

29. Plaintiffs and similarly situated employees are not exempt from the overtime provisions of the FLSA.

30. The FLSA requires that overtime wages for hourly employees be calculated by multiplying an employee's "regular rate" of pay times 1.5. For workweeks when Plaintiffs and

5

other similarly situated employees worked in excess of forty hours, Defendants should have included the Responsibility Bonus payments in the "regular rate" of pay calculation.

31.     Defendants did not include the "Responsibility Bonus" in the "regular rate" calculation.  As a result, Defendants failed to pay Plaintiffs and other similarly situtated employees at the correct overtime rates for all hours worked in excess of forty, thus significantly underpaying the amount of overtime due to Plaintiffs and other similarly situated employees.

32.     By way of example:  During the pay period July 13, 2020 to July 19, 2020 Plaintiff Jean-Francois' hourly rate was $17.50 per hour.  Jean-Francois was paid a $200 Responsibility Bonus for this pay period.  Jean-Francois worked 25.48 hours of overtime and was paid an overtime premium of $668.85, which was calculated by multiplying 25.48 hours times $26.25 per hour ($17.50 per hour x 1.5).  Defendants should have included the $200 Responsibility Bonus in the regular rate calculation, which would have resulted in Jean-Francois' overtime rate being $30.83 per hour.  Jean-Francois should have been paid an overtime premim of $785.55.  Defendants' failure to include the Responsibility Bonus in Jean-Francois' regular rate of pay resulted in an underpayment of $116.70 for this pay period.

33.     By way of example, Plaintiff Johnson worked more than forty hours during the pay periods July 27, 2020 to August 2, 2020 and September 14, 2020 to September 20, 2020.  Defendants paid Johnson a Responsibility Bonus for the regular hours she worked during each of these pay periods, but did not include the Responsibility Bonus in the regular rate calculation.  Defendants' failure to include the Responsibility Bonus in Johnson's regular rate of pay resulted in an underpayment of overtime for these pay periods.

34.     By way of example, Plaintiff King worked more than forty hours during the pay period October 5, 2020 to October 11, 2020.  Defendants paid King a Responsibility Bonus for

6

the regular hours she worked during this pay period, but did not include the Responsibility Bonus in the regular rate calculation. Defendants' failure to include the Responsibility Bonus in King's regular rate of pay resulted in an underpayment of overtime for this pay period.

35. Defendants failed to include the Responsibility Bonus in its calculation of regular rates of pay for overtime worked by Plaintiffs and similarly situated employees during the entire duration Defendants paid the Responsibility Bonus.

36. Defendants knew or should have known that the Responsibility Bonus paid to Plaintiffs and other similarly situated employees should have been included in the regular rate calculation. Defendants benefited economically by not paying the additional overtime owed to Plaintiffs and other similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs bring their Complaint pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 201 *et. seq*.

38. Defendants employ other hourly employees at their pork processing, packaging, and distribution plants throughout North Carolina who were not paid all earned overtime compensation due to Defendants' failure to include the Responsibility Bonus in the regular rate calculation. Plaintiffs estimate the number of similarly situated employees exceeds 1000.

39. Plaintiffs are similarly situated to other current and former hourly pork processing, packaging, and distribution employees in that they were subject to the identical compensation scheme, i.e. Defendants' uniform policy and practice of paying the Responsibility Bonus to hourly employees, but failing to include the Responsibility Bonus in the calculation of the appropriate regular rate of pay required under the FLSA.

40. Application of the aforementioned policies and practices are not dependent on the personal circumstances of employees, but rather affected Plaintiffs and all putative collective action members. Application of these policies or practices does not depend on the personal circumstances of the Plaintiffs or those joining this lawsuit. Rather, the same policy and practice that resulted in the failure to pay overtime at the rates required by the FLSA applied to Plaintiffs and all putative collective action class members. Accordingly, the class is properly defined as: **All current and former hourly employees employed by Defendants at their North Carolina pork processing, packaging, and distribution plants between April 1, 2020 and October 31, 2020.**

41. Defendants willfully violated the provisions of the FLSA by failing to pay Plaintiffs and all current and former North Carolina pork processing, packaging, and distribution employees employed by Defendants in compliance with the FLSA regarding the calculation of overtime during the period Defendants paid the Responsibility Bonus.

**(Violation of FLSA – Collective Action)**

42. Plaintiffs incorporate by reference paragraphs 1 through 41 of their Complaint.

43. Defendants violated the FLSA by failing to pay Plaintiffs and members of the proposed collective class the correct overtime premium rate of pay as required by the FLSA for all hours worked in excess of forty in a workweek.

44. Defendants' violation of the FLSA was willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court award the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiffs (and those who have joined in the suit) and for

liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

b)     An Order awarding the costs of this action;

c)     An Order awarding reasonable attorneys' fees;

d)     A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

e)     An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f)     An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone: (704) 612-0038
Email: phil@gibbonslg.com
       corey@gibbonslg.com

David J. Fish
John C. Kunze
(to be admitted *pro hac vice*)
**FISH POTTER BOLAÑOS, P.C.**
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
Telephone: (312) 861-1800

Email: dfish@fishlawfirm.com
kunze@fishlawfirm.com

*Attorneys for Plaintiffs*