IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-63-D

EMMANUEL JEAN-FRANCOIS, et al.,      )
                                     )
                  Plaintiffs,        )
                                     )
          v.                         )          **ORDER**
                                     )
SMITHFIELD FOODS, INC., et al.,      )
                                     )
                  Defendants.        )

This case concerns an employment compensation dispute between Emmanuel Jean-Francois, Alicia Johnson, and Wanda King (collectively, "plaintiffs"), and their employer, Smithfield Fresh Meats Corp., and its sister companies, Smithfield Packaged Meats Corp., Smithfield Foods, Inc., and Smithfield Distribution, LLC (collectively, "defendants"). See Compl. [D.E. 4] ¶¶ 18–25. The crux of the dispute involves defendants' failure to include a "responsibility bonus" in plaintiffs' pay when calculating overtime. See id. at ¶¶ 27–36. On December 30, 2022, plaintiffs moved for FLSA collective action certification [D.E. 33] and filed a memorandum in support, exhibits, and declarations [D.E. 34].

On January 10, 2023, plaintiffs and defendants (collectively, the "parties") filed a joint status report on the motion for collective action certification. See [D.E. 35]. The status report noted that the parties reached an agreement to settle the FLSA claims concerning the same responsibility bonus for employees of Smithfield Distribution, LLC (including those who worked in North Carolina) in a case pending in the United States District Court for the Northern District of Illinois. See id. at 1 (discussing Winking v. Smithfield Fresh Meats Corp. & Smithfield Distrib., LLC, No. 1:22-cv-1937

(N.D. Ill. Apr. 14, 2022) (hereinafter, "Winking")). The relevant employees in that action received notice that they had until January 31, 2023, to opt-into the settlement. See id. The status report further reported that another FLSA action concerning the responsibility bonus against Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., and Kansas City Sausage Co., LLC in the Northern District of Illinois also had settled. See id. at 2 (discussing Canas v. Smithfield Packaged Meats Corp., No. 1:20-cv-4937 (N.D. Ill. Aug. 21, 2020) (hereinafter, "Canas")). In that action, notice also was sent to the employees, including the employees of Smithfield Fresh Meats Corp. in North Carolina. See [D.E. 37] 1–2; Canas, [D.E. 55].

On January 27, 2023, defendants responded in opposition to plaintiffs' motion for collective certification and noted that each employee in the proposed collective action in this case received notice of the FLSA claims arising from the same disputed issues during the same time frame in the Canas or Winking actions. See [D.E. 37]. On February 14, 2023, plaintiffs replied. See [D.E. 43]. On February 21, 2023, defendants moved for leave to file a sur-reply [D.E. 45] and attached a sur-reply [D.E. 45-1]. As explained below, the court grants defendants' motion to file a sur-reply and denies as duplicative plaintiffs' motion for collective certification.

I.

Before plaintiffs filed this action, defendants Smithfield Fresh Meats Corp., Smithfield Packaged Meats Corp., and Smithfield Distribution, LLC faced similar collective action lawsuits in the United States District Court for the Northern District of Illinois based on the same alleged violations of the FLSA regarding overtime payments and the "responsibility bonus." The Canas action involved defendants Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., and Kansas City Sausage Co., LLC. The Canas action did not involve defendants Smithfield Distribution, LLC or Smithfield Foods, Inc. On September 13, 2021, the district court in Canas

2

approved a settlement. See Canas, [D.E. 55]. In the final approval and dismissal order, the Canas court approved a settlement between the FLSA settlement class plaintiffs who opted-into the settlement and Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., and Kansas City Sausage Co., LLC concerning the responsibility bonus, including those employees who worked in North Carolina. See id.

The Winking action involves defendants Smithfield Fresh Meats Corp. and Smithfield Distribution, LLC but not defendants Smithfield Foods, Inc., Smithfield Packaged Meats Corp., or Kansas City Sausage Co., LLC. See Winking. On November 4, 2022, the district court in Winking approved a settlement between the FLSA settlement class plaintiffs who opted-into the settlement and Smithfield Distribution, LLC, and notice was sent to employees of Smithfield Distribution, LLC, including those Smithfield Distribution, LLC employees who worked in North Carolina. See id., [D.E. 31]. The Winking court dismissed the claims without prejudice as to Smithfield Distribution, LLC. See id. The claims in Winking against defendant Smithfield Fresh Meats Corp. remain pending, and plaintiffs in Winking have moved for collective action certification. See id., [D.E. 22].

In this case, plaintiffs were non-exempt hourly employees in North Carolina at pork processing, packaging, and distribution plants in Wilson, Clinton, and Tar Heel, North Carolina. See Compl. [D.E. 1] ¶¶ 23–26. During the COVID-19 pandemic, plaintiffs received a "responsibility bonus." See id. at ¶ 27. This "responsibility bonus" entitled hourly employees to a bonus of "$5 per hour for all regular hours worked up to and including forty in a workweek" between April 1, 2020, and October 31, 2020. See id. at ¶¶ 27–28. Defendants failed to include the "responsibility bonus" while calculating overtime pay. See id. at ¶ 31. Thus, plaintiffs allege that defendants underpaid plaintiffs for overtime pay during the period between April 1, 2020, and October 31, 2020. See id. at ¶ 35.

3

Plaintiffs argue that they meet the notice stage of the FLSA collective certification process and that this court should certify their collective action. In support, plaintiffs contend they are in a similarly situated group of employees who worked overtime for defendants in North Carolina and defendants improperly compensated them for overtime hours by not including the responsibility bonus in their regular rate of pay. See [D.E. 34] 6–8; [D.E. 43] 2–10. Defendants respond that plaintiffs cannot pursue an FLSA claim against any defendant except their employer, Smithfield Fresh Meats Corp., plaintiffs have not demonstrated that they are similarly situated to other proposed collective members, and the proposed collective action is duplicative of the collective actions in Canas and Winking. See [D.E. 37] 8–23; [D.E. 45-1] 1–6.

Congress enacted the FLSA to "eliminate . . . substandard labor conditions[.]" Powell v. U.S. Cartridge Co., 339 U.S. 497, 510 (1950), superseded on other grounds by statute, e.g., Fair Labor Standards Amendments of 1966, Pub. L. No. 89-601, 80 Stat. 830; see Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981), overruled on other grounds, Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991); Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706–07 (1945), superseded on other grounds by statute, Portal-to-Portal Act of 1947, Pub. L. No. 80-49, 61 Stat. 84; Shaliehsabou v. Hebrew Home of Greater Wash., Inc., 363 F.3d 299, 304 (4th Cir. 2004); Gaxiola v. Williams Seafood of Arapahoe, Inc., 776 F. Supp. 2d 117, 124 (E.D.N.C. 2011). Under the FLSA, a covered employer must pay a covered employee at least minimum wage for the hours worked during each workweek and also must pay overtime compensation for all hours worked over 40 hours in a given workweek. See 29 U.S.C. § 206; see Gaxiola, 776 F. Supp. 2d at 124. The FLSA applies to all non-exempt employees. See 29 U.S.C. § 203(e).

The FLSA's collective action provision allows private plaintiffs to bring a collective action on their own behalf and on behalf of those "similarly situated" to them for "unpaid minimum wages,

4

or their unpaid overtime compensation." 29 U.S.C. § 216(b). To bring a collective action under the FLSA, the putative collective members must satisfy two requirements:[1] (1) the members of the putative collective must establish that they are "similarly situated," and (2) the members of the putative collective must affirmatively consent to joining the action. See id.; Felix de Asencio v. Tyson Foods, Inc., 130 F. Supp. 2d 660, 662 (E.D. Pa. 2001) ("The only two requirements for maintaining a representative action under the FLSA are that [collective] members be similarly situated and that each member file a consent to joining the action.").

District courts in the Fourth Circuit and other circuit courts generally employ a two-step approach to determine whether collective members are similarly situated. See, e.g., Cameron–Grant v. Maxim Health Care Servs., Inc., 347 F.3d 1240, 1247–49 (11th Cir. 2003); see also Winks v. Va. Dep't. of Transp., No. 3:20-CV-420, 2021 WL 2482680, at *2 (E.D. Va. June 17, 2021) (citation omitted) (unpublished); Ceras-Campo v. WF P'ship, No. 5:10-CV-215, 2011 WL 588417, at *2 (E.D.N.C. Feb. 9, 2011) (unpublished); Purdham v. Fairfax Cnty. Pub. Schs., 629 F. Supp. 2d 544, 547 (E.D. Va. 2009) (citations omitted); but see Mathews, 2023 WL 3676795, at *2–3. First, at the notice step, courts assess whether collective members are sufficiently similarly situated to permit notice to potential collective members. See Winks, 2021 WL 2482680, at *2; Ceras-Campos, 2021 WL 2482680, at *2. This step is akin to a conditional certification. See Winks, 2021 WL 2482680, at *2; Ceras-Campos, 2021 WL 2482680, at *2. In assessing whether collective members are

---

[1] Although neither the Fourth Circuit nor the Supreme Court have prescribed a process for certification, most federal courts follow the two-step approach for FLSA certification as explained in Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987). To date, only the Fifth Circuit follows the one-step certification approach, which removes the first step of the Lusardi two-step test, does not require conditional certification, and looks only to whether potential collective-action members are "similarly situated." See Swales v. KLLM Transp. Servs., LLC, 985 F.3d 430, 433–43 (5th Cir. 2021). A district court in the Fourth Circuit recently adopted the Fifth Circuit's one-step certification approach. See Mathews v. USA Today Sports Media Grp., LLC, No. 1:22-CV-1407, 2023 WL 3676795, at *2–3 (E.D. Va. Apr. 14, 2023) (unpublished).

5

sufficiently similarly situated, district courts look to the presence of common issues based on the pleadings and affidavits. See Yerby v. City of Richmond, No. 3:19-CV-393, 2020 WL 602268, at *2 (E.D. Va. Feb. 7, 2020) (citation omitted) (unpublished); Houston v. URS Corp., 591 F. Supp. 2d 827, 831–32 (E.D. Va. 2008) (citation omitted). The evaluation is similar to class certification under Federal Rule of Civil Procedure 23. See Houston, 591 F. Supp. 2d at 832; Choimbol v. Fairfield Resorts, Inc., 475 F. Supp. 2d 557, 564 (E.D. Va. 2006). If the court determines that the notice step is met, the court may conditionally certify the collective and authorize notice to similarly situated individuals. See Ceras-Campos, 2021 WL 2482680, at *2.

Second, if the collective is conditionally certified, the court applies a more stringent factual determination to determine whether the collective fulfills the similarly situated standard. See id. at 3; LaFleur v. Dollar Tree Stores, Inc., 30 F. Supp. 3d 463, 468 (E.D. Va. 2014). If, after discovery, the court finds that plaintiffs are not similarly situated, the court may decertify the collective action and dismiss without prejudice the claims of the opt-in plaintiffs. See, e.g., LaFleur, 30 F. Supp. 3d at 468.

A.

Defendants argue that plaintiffs cannot represent most of the proposed collective because plaintiffs only worked for one defendant, Smithfield Fresh Meats Corp., not any of the other defendants. See [D.E. 37] 14–15. Plaintiffs respond that Smithfield Foods, Inc. is a single enterprise or employer for FLSA liability purposes; therefore, plaintiffs may seek relief under the FLSA against the named defendants. See [D.E. 43] 4–6.

A prerequisite to liability under the FLSA is an employer-employee relationship. See 29 U.S.C. §§ 203(d), (e), (g); Rutherford Food Corp. v. McComb, 331 U.S. 722, 730 (1947); Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 83 (4th Cir. 2016); Benshoff v. City of Virginia

6

Beach, 180 F.3d 136, 140 (4th Cir. 1999); Roman v. Guapos III, Inc., 970 F. Supp. 2d 407, 412–16 (D. Md. 2013). Under the FLSA, multiple businesses may be considered a single enterprise or employer for "the purposes of liability" when they (1) perform related activities; (2) under unified operations or common control; (3) for a common business purpose. See Brock v. Hamad, 867 F.2d 804, 806 (4th Cir. 1989); Gilbert v. Freshbikes, LLC, 32 F. Supp. 3d 594, 603–04 (D. Md. 2014). The first and third factors are closely related. See Martin v. Deiriggi, 985 F.2d 129, 133 (4th Cir. 1992).

Plaintiffs allege that named defendants are alter egos of each other or a single enterprise. See [D.E. 43] 4–6. As for the alter ego theory, piercing the corporate veil is not an independent cause of action, but "rather is a means of imposing liability on an underlying cause of action." Peacock v. Thomas, 516 U.S. 349, 354 (1996). Even if plaintiffs were able to show that defendants are alter egos of each other, plaintiffs may only recover alleged damages from their employer. Plaintiffs worked at Smithfield Fresh Meats Corp., not at any other defendant, and they have not shown that another employer harmed them. See [D.E. 37] 8 n.4. Thus, plaintiffs can only pursue FLSA claims against defendant Smithfield Fresh Meats Corp. See id.

As for the single enterprise theory, Smithfield uses one website, uses a part of the Smithfield name in nearly all its companies, and some companies share a corporate office. See [D.E. 43] 4–6. Nonetheless, the various Smithfield companies are not a common enterprise under the FLSA. See Smith v. Smithfield Foods, Inc., No. 2:21-CV-194, 2021 WL 6881062, at *11 (E.D. Va. Dec. 21, 2021) (unpublished) (collecting cases). In Smith, the court found that the same defendants named in this action were not a single enterprise, but separate enterprises operating multiple plants across the country. See id. Although the Smith case involved many more plants, the case involved the

7

same separate enterprises. In Smith, the court analyzed donning and doffing procedures that varied widely from plant to plant. See id. at *11 n.15.

Here, Smithfield Fresh Meats Corp. did not have control over the employment conditions, rate and method of payment, or employment records of the other defendants. See [D.E. 37] 15. Moreover, when analyzing the same defendants, the Smith court found that although all defendants use a part of the Smithfield name, the defendants are all different enterprises. See Smith, 2021 WL 6881062, at *11. On this record, plaintiffs cannot bring this FLSA action against any defendant other than Smithfield Fresh Meats Corp. See, e.g., Crumbling v. Miyabi Murrells Inlet, LLC, 192 F. Supp. 3d 640, 646–47 (D.S.C. 2016); Brunner v. Jimmy John's, LLC, No. 14 C 5509, 2015 WL 5086388, at *3 (N.D. Ill. Aug. 19, 2015) (unpublished); see also Patel v. Wargo, 803 F.2d 632, 635–37 (11th Cir. 1986).

## B.

Plaintiffs argue that they are entitled to conditional certification for meeting the threshold requirements of the notice stage of conditional class certification. See [D.E. 34] 7–8. In support, plaintiffs submit their own declarations, see [D.E. 34-3, 34-4, 34-5], and cite the allegations in their complaint. See Compl. ¶¶ 23–36. In opposition, defendants argue that plaintiffs fail to demonstrate that they are similarly situated to employees who worked for different Smithfield companies at various other facilities. See [D.E. 37] 16–17.

Smithfield Fresh Meats Corp. appears to have had a policy of not including the responsibility bonus as part of employees regular pay when calculating overtime pay. Defendants do not argue that plaintiffs are unrepresentative of a collective of Smithfield Fresh Meats Corp. non-exempt hourly employees at the North Carolina facilities. Rather, defendants argue that this court should not grant conditional certification in light of the Canas and Winking cases.

8

Conditional certification and notice procedure can provide "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Hoffmann-La Roche, 493 U.S. at 170. They also can help to "avoid[ ] a multiplicity of duplicative suits." Id. at 172. Conditional certification of an FLSA collective, however, is discretionary. See id. at 170; Korenblum v. Citigroup, Inc., 195 F. Supp. 3d 475, 482 (S.D.N.Y. 2016).

A trial court's discretion to deny certification "has continually been upheld where . . . it has been exercised so as to avoid duplicative class actions." Becker v. Schenley Indus., Inc., 557 F.2d 346, 348 (2d Cir. 1977) (collecting cases); see Medina v. Bros. Behrman Hwy., Inc., No. 13-4831, 2015 WL 3679534, at *3 (E.D. La. Jun. 12, 2015) (collecting cases); Whiteman v. Kforce, Inc., No. 8:22-CV-56, 2022 WL 16856024, at *3–4 (M.D. Fla. Nov. 10, 2022) (unpublished). Notably, the Canas action encompassed claims identical to the claims plaintiffs alleged in this action. See, e.g., Canas, [D.E. 1] ¶¶ 21–25 and [D.E. 38-1]. In Canas, a collective settled claims against Smithfield Fresh Meats Corp. (including employees in North Carolina) based on the same facts and during the same time period. Compare id. with [D.E. 34] 7–8.

Plaintiffs respond that the court's refusal to consolidate Canas and Winking shows that this action is not duplicative. See [D.E. 43] 2–3. However, Canas and Winking did not involve all the same Smithfield companies. Compare Canas, [D.E. 1] with Winking, [D.E. 1]. Canas involved Smithfield Fresh Meats Corp., Smithfield Packaged Meats Corp., and Kansas City Sausage Co., LLC and resulted in a settlement against all defendants. See Canas, [D.E. 1, 55]. As for Winking, it involved Smithfield Fresh Meats Corp. and Smithfield Distribution, LLC and resulted in a settlement against Smithfield Distribution, LLC. See Winking, [D.E. 1, 31].

Here, plaintiffs seek a collective of all employees of several of Smithfield Fresh Meats Corp.'s North Carolina facilities. See [D.E. 34] 6–7. However, plaintiffs already were part of the

9

collective who received notice as part of the Canas action. See Canas, [D.E. 42-5] (collective notice stating that individuals may be entitled to receive funds under the settlement agreement if they are members of the collective that were employed by Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., or Kansas City Sausage Co., LLC and were "paid a Responsibility Bonus or Responsibility Pay and whose weekly pay may not have included sufficient overtime pay."). The Canas collective fully represents every plaintiff in this proposed collective. All Smithfield Fresh Meats Corp. employees in North Carolina are in the Canas collective and should have received notice in Canas.[2]

On this record, the court declines to certify another collective action. See, e.g., Hoffman-La Roche, 493 U.S. at 170–72; Goff v. Menke, 672 F.2d 702, 704–05 (8th Cir. 1982); Becker v. Schenley Indus., Inc., 557 F.2d 346, 348 (2d Cir. 1977); Schucker v. Flowers Foods, Inc., No. 16-CV-3439, 2017 WL 3668847, at *3–7 (S.D.N.Y. Aug. 24, 2017) (unpublished) (collecting cases); Medina v. Bros. Behrman Hwy., Inc., No. 13-4831, 2015 WL 3679534, at *2–4 (E.D. La. June 12, 2015) (unpublished) (collecting cases); Castillo v. Taco Bell of Am., LLC, 960 F. Supp. 2d 401, 404–05 (E.D.N.Y. 2013); LaFleur v. Dollar Tree Stores, Inc., No. 12-CV-363, 2012 WL 4739534, at *8 (E.D. Va. Oct. 2, 2012) (unpublished); Copello v. Boehringer Ingelheim Pharm., Inc., 812 F. Supp. 2d 886, 889 (N.D. Ill. 2011); Alvarez v. Gold Belt, LLC, No. 08–4871, 2011 WL 1337457, at *1–2 (D.N.J. Apr. 7, 2011) (unpublished); Abushalieh v. Am. Eagle Express, Inc., 716 F. Supp. 2d 361, 365–66 (D.N.J. 2010); Benavides v. Home Depot USA, Inc., No. H-06-0029, 2006 WL 1406722, at *1–2 (S.D. Tex. May 19, 2006) (unpublished). Instead, plaintiffs' remedy is to proceed with their action as an individual action or request to be paid now what they would have received

---

[2] The court rejects plaintiffs' argument that they did not receive notice in Canas. See [D.E. 43]. The argument is not credible. See [D.E. 45-2].

10

had they submitted a claim form from the Canas reserve fund. Cf. Whiteman, 2022 WL 16856024 at *3 & n.1. Accordingly, the court denies as duplicative plaintiffs' motion for collective certification.

II.

In sum, the court GRANTS defendants motion to file a sur-reply [D.E. 45] and DENIES as duplicative plaintiffs' motion for FLSA collective action certification [D.E. 33].

SO ORDERED. This 10 day of July, 2023.


JAMES C. DEVER III
United States District Judge

11